IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GALEN D. BROOKS, | § | |
| | § | No. 520, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1206011471 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 22, 2016
Decided: February 14, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

**O R D E R**

This 14th day of February 2017 upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     In 2013, a Superior Court jury found the appellant, Galen D. Brooks, guilty of multiple counts of Tier 5, Tier 4, and Tier 2 Drug Dealing, Drug Dealing without a Tier Designation (hereinafter "drug dealing convictions") and Tier 4 and Tier 2 Aggravated Possession and Possession of Cocaine (hereinafter "drug possession convictions").  When sentencing Brooks in March 2015, the Superior Court merged nine of the drug possession convictions with nine of the drug dealing

convictions and imposed sentence only for the drug dealing convictions, not the drug possession convictions.

(2) In September 2016, Brooks filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). Brooks claimed that his prosecution and conviction for the multiple counts and different levels of drug dealing and drug possession violated principles of double jeopardy. On September 27, 2016, the Superior Court denied the motion for correction of sentence as untimely and repetitive and because a reduction of modification of sentence was not warranted. This appeal followed.

(3) Having carefully considered the parties' positions on appeal, we affirm the denial of the motion for correction of sentence, albeit on grounds different from those relied upon by the Superior Court.[1] Brooks' motion for correction of sentence was fundamentally directed to the validity of his convictions, not the legality of his sentence. A proceeding under Rule 35(a) presupposes a valid conviction.[2] The narrow function of Rule 35(a) is to correct an illegal sentence, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."[3] Brooks' motion for correction

---

[1] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that this Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).
[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[3] *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).

of sentence was not an appropriate means to argue the alleged double jeopardy violations in his underlying convictions.[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4] *See* Del. Super. Ct. Crim. R. 61 (governing procedure for a collateral attack on a criminal conviction).